WEAVER, J.
(dissenting). I dissent and agree with Justice YOUNG when he states:
With its decision today, the majority now permits posthumous collateral attacks on the validity of marriages in this state where neither spouse has taken the appropriate legal steps to challenge the marriage or the financial equities of the marriage during life. In doing so, the majority ignores the perfectly adequate legal remedies that our Legislature created in specific contemplation of marital disharmony — specifically, an action for separate maintenance — instead preferring to craft a new remedy recognized nowhere else in the country. This rule allowing contribution between tenants by the entireties outside the *68 context of a divorce or separate maintenance action is not supported by a single case or authority from any jurisdiction, let alone authority from Michigan. As such, the new rule the majority creates today is untested and holds unforeseen consequences that reach much further than the narrow and unassuming decision the majority believes it has issued in this case. [Emphasis in original.]
In short, the majority’s unrestrained decision today is a huge mistake.
Hathaway, J., concurred with Weaver, J.